**State of Vermont**
**Superior Court—Environmental Division**

===================================================================
**E N T R Y   O R D E R**
===================================================================

**In re Pelkey Final Plat Major Subdivision**                     **Docket No. 172-12-12 Vtec**

Title: Appellants' Motion to Reconsider
Filed: July 31, 2013
Filed By: Appellants Thomas White and Michael Blair
Response: Appellees/Applicants Theodore and Michelle Pelkey (filed August 19, 2013)
Reply to Response: Appellants Thomas White and Michael Blair (filed August 26, 2013)


 _X_ Granted                    ___ Denied                    ___ Other


Thomas White and Michael Blair ("Appellants") appealed the Town of Westford Development Review Board ("DRB") approval of the 2-Lot Major Subdivision, Mixed Use Planned Unit Development, and Conditional Use application of Theodore and Michelle Pelkey ("Applicants"). In our July 26, 2013 decision on Applicants' motion for summary judgment, we dismissed Appellants' Questions 2, 16, 17, 18, 19, 20, and 21, struck as redundant Appellants' Question 22, and reserved Appellants' Questions 3 through 15 for trial. Appellants' pending motion asks us to reconsider our judgment dismissing Question 19 which states:

> Did the Planning Coordinator for the Town of Westford comply with Section 4.14 of the Subdivision Regulations?

We dismissed Question 19 based on the undersigned's misunderstanding of the history of this appeal and a prior, related appeal. Because the proposed subdivision contains primary agricultural and forest soils, the Town of Westford Subdivision Regulations ("Subdivision Regulations") § 4.14 requires the Planning Coordinator to "submit a copy of the Preliminary Plat to the Conservation Commission for review and comment before or at the public hearing on the Preliminary Plat." Because we failed to recall that Appellants had previously filed an appeal of the preliminary plat approval, we dismissed Question 19 on the belief that Appellants had lost their opportunity to challenge the preliminary plat review process. In fact, Appellants had appealed the DRB's preliminary plat approval and reserved their right to raise their related questions when the parties stipulated to dismissal of Appellants' preliminary plat appeal.[1] Realizing that we dismissed Appellants' Question 19 in error, we extend our apologies to the parties and take this opportunity to reconsider the Applicants' motion for summary judgment on this question. See Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec,

---

[1] In a prior appeal filed with this Court, Pelkey Preliminary Plat 2 Lot Major Subdivision, No. 31-3-12 Vtec, Appellants asked in their Question 4, "Did the Planning Coordinator for the Town of Westford comply with Section 4.14 of the Town of Westford Subdivision Regulations?" Pursuant to the parties' stipulation, the Court dismissed the preliminary plat appeal, reserving Appellants' right to assert "any and all issues" in the subsequent appeal. See Pelkey Preliminary Plat 2 Lot Major Subdivision, No. 31-3-12 Vtec, slip op. at 1 (Vt. Super Ct. Envtl. Div. July 31, 2012) (Durkin, J.).

slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (finding correction of manifest error of law or fact among the principal grounds for granting a motion to alter or amend).

### Reconsideration of Summary Judgment on Question 19

We will grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellants) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citations omitted). Both parties must support their assertions with citations to materials in the record. V.R.C.P. 56(c)(1).

Appellants allege that the Planning Coordinator failed to submit a copy of the preliminary plat to the Conservation Commission as required by Subdivision Regulations § 4.14. In support of their statement, Appellants reference the DRB's Notice of Decision on Applicants' final plat. The Findings of Fact section states:

> 10. The Preliminary Plat application was received on November 11, 2011 and consisted of maps, plans, and correspondence, all of which is contained in the document file for the application. The Development Review Board reviewed the Applicant's Preliminary Plat application on January 11, 2012. See the official meeting minutes for a list of those present at the meetings.

Applicants' Exhibit A at 2, ¶ 10. Appellants offer this to show that the Conservation Commission was not consulted before or at the preliminary plat hearing pursuant to Subdivision Regulations § 4.14, apparently on the premise that the DRB otherwise would have noted such consultation in its Findings. On February 8, 2012, following the publicly warned January 11, 2012 meeting, the DRB approved the preliminary plat application. Applicants' Exhibit E at 3.

In response to Appellants' motion to reconsider, Applicants attached the affidavit of the Planning Coordinator, Melissa Manka. In her affidavit, Ms. Manka states that in February 2012, she "submitted the Pelkeys' Preliminary Plat to the Conservation Commission and requested comments." Manka Affidavit at 1, ¶ 3. She also states that "[t]he Conservation Commission did not provide any comments on the Preliminary Plat to the Development Review Board." Id. Applicants also note that the DRB's Notice of Decision on Applicants' final plat references consultation with the Conservation Commission pursuant to Town of Westford Zoning Regulations § 4.7 (Open Space Standards, § 4.7.7). Applicants' Exhibit A at page 7, ¶ 5. The Notice of Decision does not, however, reference Subdivision Regulations § 4.14 or the timing or circumstances of the Planning Coordinator's submission of the preliminary plat to the Conservation Commission. Thus, it is undisputed that the preliminary plat was submitted in November 2011, the DRB held a preliminary plat hearing on January 11, 2012, and the DRB approved the preliminary plat on February 8, 2012. While Ms. Manka's statement that she consulted with the Conservation Commission in "February 2012" is undisputed, it appears this particular consultation took place after the DRB hearing and either before or after the February 8, 2012 DRB approval.

In light of Ms. Manka's affidavit and the DRB's Notice of Decision, we conclude that it is undisputed that the Conservation Commission has been consulted regarding Applicants' project. However, giving the non-moving party (Appellants) the benefit of all reasonable

2

doubts and inferences, we find a genuine dispute of material fact as to the timing of Ms. Manka's consultation with the Conservation Commission and therefore compliance with Subdivision Regulations § 4.14. Due to this uncertainty, it is unclear to the Court whether the Conservation Commission's failure to attend the preliminary plat hearing or to comment was influenced by the timing of consultation. We therefore **RESERVE** Appellants' Question 19 for trial. We expect that Applicant, with the Town's assistance, will bring evidence to trial regarding the circumstances of Ms. Manka's consultation with the Conservation Commission on the preliminary plat, whether and how the Conservation Commission provided comments, and, if no comments were provided, whether the timing of the consultation influenced the lack of comments.

In their reply to Applicants' opposition to the motion to reconsider, Appellants also argue that the Court must deny the application because Applicants failed to submit their preliminary plat within six months of the DRB's classification of the project's sketch plan as a major subdivision, as required by Subdivision Regulations § 4.1. We dismissed this argument in our decision on Applicants' motion for summary judgment, and Appellants did not raise it in their motion to reconsider. Therefore, the issue is beyond the scope of reconsideration. However, because Appellants have twice raised this issue, first in their Statement of Questions and again in their reply memorandum concerning their motion to reconsider, we explain why the Court concludes that the timing is not grounds for denial of the pending application.

On November 10, 2010, the DRB completed its sketch plan review, giving Applicants six months to submit the preliminary plat application. On March 28, 2011, Applicants requested an additional six months, citing the large winter snowfall which delayed the necessary soil investigations. The DRB granted the extension on April 13, 2011, to November 11, 2011, and the Applicants submitted the preliminary plat application by that extended deadline. We find the granting of the extension consistent with Subdivision Regulations § 8.4, which authorizes the DRB to waive or vary substantive and procedural provisions of the Subdivision Regulations. We cannot ignore the discretion afforded the DRB by § 8.4; to do so would impose an unnecessary and unrealistic rigidity on the Westford subdivision review process. We know of no limit on the DRB's authority to grant the extension in this case. Therefore, we conclude that the timing of the preliminary plat submission is not grounds for denial.

For the reasons stated more fully above, the Appellants' Motion to Reconsider is **GRANTED**. Having reopened the consideration of Applicant's request for summary judgment, we **RECIND** our prior dismissal and **DENY** Applicants' Motion on Appellants' Question 19.

_____          _____November 06, 2013_____
      Thomas S. Durkin, Judge                                        Date

======================================================================

Date copies sent: _____                               Clerk's Initials: _____

Copies sent to:

  Chad V. Bonanni, Attorney for Appellants Thomas White and Michael Blair, Appellants

  Brian P. Monaghan, Attorney for Appellees Theodore and Michelle Pelkey

  Amanda Lafferty, Attorney for Interested Person, Town of Westford

  Jeffrey M. Messina, Co-Counsel for Appellant

  Nicholas T. Stanton, Co-Counsel for Appellee